## Anna Przybylski, Appellee, v. International Harvester Company, Appellant.

### Gen. No. 19,342.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. ISADORE H. HIMES, Judge, presiding. Heard in this court at the March term, 1913. Reversed with finding of fact. Opinion filed May 25, 1914. Rehearing denied June 8, 1914.

### Statement of the Case.

Action by Anna Przybylski against International Harvester Company to recover death benefits claimed by virtue of the membership of her husband, Paul Przybylski, in the Employes' Benefit Association of the defendant. To reverse a judgment recovered by plaintiff, defendant appeals.

The statement of claim alleged that plaintiff's husband was a member of the association, that he died April 2, 1911, while he was a member, and that the rules provided for payment to the widow of a sum equal to one year's average wages. The defense was that the deceased left the service and employment of the defendant on January 30, 1911, without notice and without any report of any sickness or disability and that under the contract of membership there was a termination of employment and of membership so that neither he nor the plaintiff was entitled to any benefits.

The benefit association is maintained by the defendant to provide for benefits for employe members in case of sickness, accident or death. It is not operated for the profit of the defendant, and both the defendant Company and the employes contribute to the benefit fund.

The application for membership which the deceased signed was, in part, as follows:

"I, Paul Przybylski * * * do hereby apply for membership in said Employes' Benefit Association, and agree to be bound by the regulations of said Benefit Association, a copy of which has been by me received, and by any other regulations of said Benefit Association hereafter adopted and in force during my membership. * * *

I also agree that * * * my resigning from or leaving the service of said International Harvester Company * * * or my being relieved or discharged therefrom, shall forfeit my membership in said Benefit Association, and all rights, benefits and equities arising therefrom, except that such termination of employment shall not (in the absence of any of the foregoing clauses of forfeiture) deprive me of benefits to the payment of which I may be entitled by reason of disability beginning and reported before and continuing without interruption, to and after such termination of employment; nor of the right to continue my membership in respect of death benefits only as provided in said rules."

The rules of the association in force at the time, so far as pertinent to the question in the case, are as follows:

"15. Leaving Service.—When a member resigns from the service or leaves the service without notice, or absents himself without notice, (unless he afterwards gives reasons satisfactory to the Superintendent), or is discharged or is laid off for a period longer than 90 days his membership in the Association shall terminate with his employment and he shall not thereafter be entitled to any benefits except for disability beginning and reported before such termination of employment and continuing without interruption.

Any employe leaving the service who has been a member of the Benefit Association for one year, or who was a member of the Association January 1, 1909, and has been in the service five years, may continue his membership in respect only of the minimum death benefit which he has held during the last year of employment, or of any smaller amount upon making supplementary application therefor before termination of employment or within five days thereafter."

"41.   Disability.—Wherever the word 'disability' is used in these regulations, it shall be held to mean physical inability to work by reason of sickness or accidental injury, and the word 'disabled' shall apply to members thus physically unable to work.

42.   The decision as to when members are disabled and when they are able to work shall rest with the Medical Examiner of the Association and his decision shall be final and binding upon the member, subject to the provisions of the regulations.

43.   Notification.—When a Works member becomes disabled he shall notify his timekeeper immediately, or cause him to be notified; other employes shall notify their superior officers.   In reporting disability, member shall give his house address.   *   *   *

44.   Reports.—When a member becomes disabled he shall also unless unable on account of his disability, report immediately to the Medical Examiner at his office, during business hours.   A disabled member not confined to the house by his disability, shall also report at the Medical Examiner's office from time to time as requested and keep any other appointments made by the examiner.   Members who avoid the medical examiner or neglect to report, or keep appointments, shall not be entitled to benefits.''

THOMAS C. ANGERSTEIN, for appellant; EDGAR A. BANCROFT, of counsel.

KAPLAN & KAPLAN and FRED W. KRAFT, for appellee; GEORGE W. KENNEY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

INSURANCE, § 780*—*when beneficiary not entitled to recover death benefits of an employes' benefit association.*   In an action to recover death benefits by virtue of plaintiff's husband's membership in an employes' benefit association, *held* that a judgment for plaintiff could not be sustained for the reason that the deceased had forfeited his membership in the association before his death by quitting his employment without giving notice, as required by the rules of the association.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.